UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P96-R

RAYMOND LISLIE JOHNSON                                                              PLAINTIFF

v.

LYNN PORTER *et al.*                                                               DEFENDANTS

## MEMORANDUM OPINION

Unrepresented by counsel, the plaintiff, Raymond Lislie Johnson, filed this action pursuant to 42 U.S.C. § 1983. On May 26, 2010, the Clerk of Court sent Plaintiff an Order. The Order was sent to Plaintiff at his address of record, the Christian County Jail.

On June 17, 2010, the copy of the Court's Order was returned by the United States Postal Service. Apparently, Plaintiff is no longer incarcerated at the Christian County Jail. Despite being transferred or released, Plaintiff has failed to update the Court with his new address. This evinces an intent on Plaintiff's part to abandon this action.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*,

370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's requirement to keep the Clerk's Office updated with his address shows a failure to pursue this case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
Defendants
Christian County Attorney
4413.008